FILED

10/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0618

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0618

CITIZENS FOR BALANCED USE a
Montana not for profit corporation; W.R.H.
NEVADA PROPERTIES, LLC, a Nevada
Limited Liability Company;

Petitioners,

v.

MONTANA NINETEENTH JUDICIAL
DISTRICT COURT, Lincoln County, The
Honorable Matthew J. Cuffe, Presiding Judge,

Respondent.

FILED

OCT 1 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Through counsel, Citizens for Balanced Use and W.R.H. Nevada Properties, LLC have filed an "Emergency" Petition for Writ of Supervisory Control over the Nineteenth Judicial District Court and the Honorable Matthew J. Cuffe. Petitioners contend that supervisory control is necessary at this juncture because of the upcoming meeting of the Montana Board of Land Commissioners (Land Board), scheduled for October 21, 2024, where the recommendation of a conservation easement is pending. Petitioners put forth that the "Land Board approval of the conservation easement will allow the transaction to close thereby depriving [Petitioners] of a meaningful remedy[.]"

Petitioners explain that the underlying case challenged the Montana Forest Legacy Program and a conservation easement known as the Montana Great Outdoors Project, Phase 1. Petitioners are the plaintiffs in the underlying matter. They point out that the District Court denied their application for preliminary injunction on October 8, 2024, for which they filed a Notice of Appeal three days later. Petitioners add that the District Court denied their expedited motion for a stay on October 18, 2024. Petitioners request a stay of the enforcement of the District Court's Order, denying the preliminary injunction.

This Court has stated many times that supervisory control is an extraordinary remedy that may be exercised on a case-by-case basis. "This Court will assume supervisory control of a district court to direct the course of litigation where the district court is proceeding based upon a mistake of law, which if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy." *Redding v. Mont. First Judicial Dist. Court*, 2012 MT 144A, ¶ 18, 281 P.3d 189, 281 P.3d 189. A petitioner must demonstrate a case with purely legal questions and urgent or emergency factors making the normal appeal process inadequate, along with one of the three listed criteria under our rules. M. R. App. P. 14(3).

Petitioners have a meaningful remedy because they have an appeal pending. Petitioners have not demonstrated a purely legal question. M. R. App. P 14(3). According to Petitioners' attachments, the District Court denied the preliminary injunction, which dissolved the temporary restraining order because the court "found a failure to establish irreparable injury . . . ." And it denied their stay request after concluding that even if the conservation easement is approved, "nothing prevents Plaintiffs from capitalizing on their mining interests." We conclude that supervisory control is not warranted here. Therefore,

IT IS ORDERED that Citizens' Petition for Writ of Supervisory Control is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Matthew J. Cuffe, District Court Judge; Tricia Brooks, Clerk of District Court, under Cause No. DV-27-2024-153; and counsel of record.

DATED this 18th day of October, 2024.

_____
Chief Justice

_____

2

_____

_____

_____
Justices